Filed 9/25/24  P. v. Scott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099391 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05089) |
| v. | |
| TERRY SCOTT, | |
| Defendant and Appellant. | |

Defendant Terry Scott appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6. (Statutory section citations that follow are found in the Penal Code unless otherwise stated.) Defendant petitioned for resentencing under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.) We refer to the current section throughout this opinion.

1

After issuing an order to show cause, the trial court denied the petition concluding section 1172.6 violated the People's state constitutional right to a jury trial. On appeal, defendant contends the trial court erred, as a resentencing hearing is not a criminal trial for purposes of the state constitutional right to a jury trial. The People concede the issue. We accept the People's concession, reverse the order, and remand the matter for a hearing under section 1172.6, subdivision (d).

## FACTS AND HISTORY OF THE PROCEEDINGS

The facts underlying defendant's conviction are not relevant to the issue on appeal and are therefore not set forth.

In May 2016, a jury found defendant and his codefendant guilty of second degree murder (§ 187, subd. (a)) and assault of a child under the age eight, causing death (§ 273ab). The trial court sentenced defendant to a term of 25 years to life for assault on a child causing death and imposed and stayed a sentence of 15 years to life on the murder conviction.

On July 12, 2019, defendant filed a petition for resentencing under section 1172.6. The trial court found defendant made a prima facie showing, issued an order to show cause, set the matter for hearing and appointed counsel.

The People filed a resentencing brief arguing, among other things, that section 1172.6 violated the People's right to a jury trial under the California Constitution. Defendant responded that a section 1172.6 hearing is a special proceeding to which a jury trial right does not attach.

The trial court denied the petition, finding "section 1172.6 is unconstitutional by depriving the People of their right to a jury determination of the facts at what is for all intents and purposes a criminal trial."

2

Defendant contends the matter must be remanded for a hearing under section 1172.6, subdivision (d), as the trial court erred in concluding section 1172.6 violates the People's state constitutional right to a jury trial. He contends the resentencing hearing is not a criminal trial, thus the state constitutional right to a jury does not apply. The People concede the issue and agree the matter must be remanded for a hearing under section 1172.6, subdivision (d).

Article I, section 16 of the California Constitution provides: "[T]rial by jury is an inviolate right and shall be secured to all . . . . A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16.)

Section 1172.6, subdivision (a), provides a postjudgment procedure for individuals convicted of murder, attempted murder, or manslaughter who could no longer be convicted of those crimes to retroactively seek resentencing relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Under the statutory procedure, defendant files a petition seeking relief, if the petition shows a prima facie entitlement to relief, the trial court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioning defendant is guilty of murder under sections 188 and 189 as amended. (*People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subds. (a), (c), (d)(1), (3).) Both parties may present "new or additional evidence to meet their respective burdens." (§ 1172.6, subd. (d)(3).) "[T]he court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (*Ibid.*) If the prosecution fails to carry its burden, the challenged conviction and any accompanying allegations or enhancements must be vacated and the petitioner resentenced on any remaining charges. (*Ibid.*)

Section 1172. 6 does not provide for a new trial (*People v. Vargas* (2022) 84 Cal.App.5th 943, 952) and the parties are not placed in the position as if no trial had occurred. (*Gomez v. Superior Court* (2024) 100 Cal.App.5th 778, 788 [resentencing is not a new trial for purposes of section 1170.6].) The section 1172.6 resentencing hearing is not a trial, criminal prosecution, or subsequent retrial. (*People v. Myles* (2021) 69 Cal.App.5th 688, 706 [not a trial for purposes of Fifth Amendment]; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588 [not a criminal prosecution for purposes of Fifth Amendment]; *People v. Duran* (2022) 84 Cal.App.5th 920, 930 [not a subsequent retrial for purposes of Fifth Amendment].) It is a postconviction collateral proceeding, the scope of which is limited to the issues made relevant by the amended law of murder. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227 [defendant not entitled to *Wende* review of denial of 1172.6 petition as it is a collateral postconviction proceeding]; *People v. Lewis, supra,* 11 Cal.5th at p. 972 [no constitutional right to counsel in section 1172.6 proceedings as postconviction collateral proceeding]; *Gomez,* at p. 787; *Mitchell,* at p. 588.) During the resentencing hearing itself, the final judgment of conviction remains intact. (*Duran,* at p. 931.) "This is no doubt why the panoply of rights that attach at trial do not apply during a section 1172.6 evidentiary hearing, such as the right to a jury trial or the protection against double jeopardy. (*Mitchell*, *supra*, 81 Cal.App.5th at pp. 588-589 [collecting cases].)" (*Duran,* at p. 931; see also *People v. Njoku* (2023) 95 Cal.App.5th 27, 44-46 [defendant does not possess many of the constitutional rights attendant to a criminal trial, including right to jury trial].) Based on the reasoning underlying these authorities, we accept the People's concession that "resentencing proceedings are distinctly different from a criminal trial" and "the People's constitutional right to a jury trial is not implicated during the section 1172.6 evidentiary hearing."

DISPOSITION

The order denying the petition for resentencing is reversed and the matter is remanded to the trial court for a hearing under section 1172.6, subdivision (d).

                                                                
HULL, Acting P. J.

We concur:

_____
BOULWARE EURIE, J.

_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.